IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Darrell E. Daniels,                :

            Plaintiff,             :

    v.                             :         Case No. 2:10-cv-760

                                   :         JUDGE JAMES L. GRAHAM
Commissioner of Social                       Magistrate Judge Kemp
Security,                          :

            Defendant.             :

OPINION AND ORDER

    On March 21, 2011, the Magistrate Judge issued a Report and
Recommendation in this social security case recommending that the
plaintiff's statement of errors be overruled and that judgment be
entered in favor of the defendant.  On March 30, 2011, plaintiff
filed timely objections to that recommendation.  The Commissioner
did not file a response.  For the following reasons, the
objections will be overruled and judgment will be entered for the
defendant.

I.

    Plaintiff is, under Social Security regulations, a "younger
individual" who has a high school education and who worked mainly
as a transportation aide to residents of group homes.  He had low
back surgery in 2003 and claimed that he was unable to work since
that time.  The Commissioner found that plaintiff had a severe
back impairment and that he also suffered from depression, but
concluded that he could still do low-stress, simple jobs at the
light exertional level.  Because a vocational expert testified
that someone with those limitations could work as a light
housekeeper, laundry folder, security monitor, and in a number of
other jobs, the Administrative Law Judge denied the claim for
benefits.

II.

In the statement of errors which the Magistrate Judge considered, plaintiff argued that the Commissioner's decision was not supported by substantial evidence, that the Commissioner erred both in the way the treating physicians' opinions were evaluated and in the way his credibility was assessed, and that he met the requirements for disability under Section 1.04C of the Listing of Impairments.  The Magistrate Judge concluded that the Commissioner had a reasonable basis for finding that plaintiff did not have any additional physical or psychological limitations beyond those captured in the residual functional capacity assessment, that most of the treating physicians did not unequivocally express the opinion that plaintiff was disabled, that to the extent they did, the Commissioner articulated valid reasons for discounting their views, that there was no basis upon which the Court could disturb the Commissioner's credibility finding, and that the record clearly showed that plaintiff's condition neither met nor equaled the requirements of Listing 1.04C.

In his objections, plaintiff takes specific issue with those portions of the Report and Recommendation dealing with his claimed need to use a cane or a walker, the ALJ's decision to discount his treating physician, Dr. Kistler's, opinion as to disability, and the way in which the ALJ evaluated his credibility.  The Court's review is limited to these specific objections.  Its review of the objections is *de novo*.  Redding v. Commissioner of Social Sec., 2010 WL 3719265 (S.D. Ohio September 15, 2010) (Graham, J.).

III.

The Report and Recommendation dealt extensively with plaintiff's assignment of error concerning his claimed need to use a cane.  The ALJ concluded that "[n]o provision for the use

2

of a cane has been placed in the claimant's residual functional capacity, as there is no objective documentation of a medical need for a cane." (Tr. 63). The basis of that statement is twofold: that plaintiff's doctors have only noted that he uses a cane but have not said it was medically necessary, and that Dr. Kistler's documentation of "weakness" as a condition that might require plaintiff to use a cane was not based on objective data but subjective complaints, and that Dr. Freeman did not report any weakness. Although plaintiff argues that Drs. Kistler and Fleming did prescribe a cane, the exhibit to which he refers (Tr. 653) is simply a note, written on a prescription form, stating that "[t]he above named patient uses and alternates a cane and walker for his mobility purposes." It was certainly not unreasonable for the ALJ to have determined that this was not a statement of medical necessity; but, even if it were, plaintiff's argument does not address the ALJ's finding that there is no objective strength testing in the record to support the medical need for a cane. Because a reasonable person could have determined from this record that plaintiff's use of a cane was either due to his choice, or not substantiated by an underlying medical condition of sufficient severity to make use of a cane necessary, the Court may not, under the "substantial evidence" standard of review, see Ealy v. Comm'r of Social Security, 594 F.3d 504, 512 (6th Cir. 2010), reverse that determination. Finally, because, as plaintiff notes, the testimony of the vocational expert actually took the use of a cane into account, plaintiff would have had to have demonstrated the need to use not just a cane but also a walker, and the record is not so one-sided on that issue as to compel that type of finding.

IV.

Plaintiff also claims that the ALJ did not properly credit the opinions of two treating physicians as to disability. He

cites to Dr. Kistler's report of January 2, 2007 (Tr. 431), which stated that plaintiff had been disabled "from a physical and psychological standpoint" since August 1, 2003 and to Dr. Smith's report (Tr. 433-34), which stated that plaintiff was disabled from October 2, 2006 until November 16, 2006, the time frame within which Dr. Smith treated him, and that he was "unable to comment" on whether plaintiff was disabled at other times. Rather than reading the latter of these as a limited opinion of disability, plaintiff claims that it simply confirms Dr. Kistler's opinion, at least for the time period during which Dr. Smith provided treatment, that he was disabled.

Regardless of how Dr. Smith's opinion is interpreted (and, at the very least, it cannot be considered independent evidence of a disability beyond the six-week period which it covers), the real issue is whether the Commissioner both had, and adequately articulated, a valid rationale for not accepting Dr. Kistler's statement that plaintiff was disabled from a combination of his physical and psychological disorders. See Wilson v. Comm'r of Social Security, 378 F.3d 541, 544 (6th Cir. 2004); see also McCombs v. Commissioner of Social Sec., 2010 WL 3860574, *7 (S.D. Ohio September 24, 2010)(Graham, J.).  Plaintiff's objections do not directly address this issue other than to note that Dr. Kistler made his observation about disability based on a history of treatment dating back to plaintiff's initial back injury in 2003.

The Report and Recommendation discussed this issue at some length, finding that

> The ALJ comprehensively discussed Dr. Kistler's opinion
> in the administrative decision (see Tr. 64-65) and
> plaintiff does not argue that the articulation of her
> reasons for rejecting his opinion is incomplete or
> deficient under Wilson.  Having reviewed thoroughly the
> reasons given in that decision, the Court concludes
> that the ALJ not only adequately set forth the reasons
> why she discounted Dr. Kistler's opinion, but that the

reasons are ones which an ALJ is permitted to utilize
in deciding not to give controlling weight to a
treating physician's view about disability.

First, the ALJ noted that his opinions were "not
well-supported by medically acceptable clinical and
laboratory diagnostic techniques" and were not
"consistent with the other substantial evidence in the
case to which this doctor did not have access."
Although plaintiff points out that Dr. Kistler did have
access to Dr. Todd's reports, there are certainly other
portions of the record, including the psychological
reports (and Dr. Kistler stated that plaintiff was
disabled both physically and psychologically) which he
did not see or take into account.  Further, he made no
effort to relate any of the physical findings reported
by Dr. Todd, or any of the results of diagnostic
testing, to his opinion.

Second, and perhaps equally importantly, the ALJ
noted that his opinion does not include the type of
function-by-function analysis that is typically found
in a disability opinion.  The ultimate conclusion of
disability takes into account a myriad of factors,
including vocational factors, about which medical
doctors typically have little knowledge, so that a
general opinion of disability is entitled to less
weight than an opinion which is specifically couched in
terms of what work-related functions a claimant is
capable of performing.  It is not clear, for example,
either that Dr. Kistler believed plaintiff could not
sit for an entire work day or, if he believed that, on
what basis he reached that conclusion. He may well have
been taking into account psychological factors about
which he was not a treating source when he expressed
his opinion, or he may have been rendering that opinion
based on the type of work plaintiff performed in the
past. Without more precision in his statement, the ALJ
was entitled to give it less weight because it was, in
the ALJ's words, "vague and imprecise." The ALJ also
gave some weight to the opinion of the state agency
reviewer that the objective evidence did not support a
finding of total disability, and this is also an
appropriate factor to consider.

Lastly, the ALJ discounted Dr. Kistler's opinion
to some extent because it necessarily relied on
plaintiff's subjective complaints of pain or other

5

> disabling symptoms. This is a fair comment on the
> opinion, especially given the reports from Dr. Todd
> which lend support to the proposition that, based on
> all of the objective findings, plaintiff's back
> surgeries were successful in eliminating any obvious
> conditions which might be causing his pain, but that he
> continued to report subjective symptoms that could not
> be correlated to any specific objective findings.

Report and Recommendation, Doc. #16, at 14-16.  The Court
endorses these conclusions in full.  However, because the ALJ
discounted Dr. Kistler's opinion to some extent based on a
finding that plaintiff was not fully credible, the Report and
Recommendation analyzed the ALJ's credibility finding separately.
Because that is the subject of plaintiff's final objection, the
Court now turns to that question.

V.

On the issue of credibility, the ALJ cited seven separate
reasons, listed on page 17 of the Report and Recommendation, for
finding that plaintiff was not fully credible.  However, the ALJ
did give some weight to plaintiff's subjective report of
symptoms, finding that he was limited to light work, and also
noting that even if his testimony were credited to the point
where he could perform only sedentary work, there would still be
jobs available to him.

In his objections, plaintiff does not disagree that an ALJ
usually is in the best position to judge the credibility of a
claimant and that if the record supports the reasons given to
discount a claimant's credibility, this Court will not lightly
reverse the administrative decision on that issue.  However,
apparently incorporating the same argument he made in his
statement of errors, plaintiff argues that he "effectually
contradicted nearly every piece of evidence the ALJ used to find
[him] not credible" and that "the ALJ essentially balanced
evidence of no substance."  Objections, Doc. #17, at 4.

6

In his statement of errors, plaintiff argued that much of the evidence supported his statements of disabling pain, including the fact that he fell from a ladder in 2003, that he had four back surgeries, and that he was awaiting placement of a spinal cord stimulator.  He contends that statements of various examining physicians that his hardware placement was good, that he was neurologically intact, that he had symmetrical reflexes, and that he was in no acute distress are irrelevant to whether he suffered from disabling pain.  He also contends that the consultative examiner's statement about whether he was embellishing his symptoms was similarly irrelevant and that the record is replete with physician's notes confirming that he was experiencing real pain.

Again, the issue here is not whether there is evidence from which the ALJ could have concluded that plaintiff was fully credible, but whether there is support for the ALJ's determination that he was not.  The ALJ did not decide that plaintiff's complaints of limiting pain were wholly incredible, and, in fact, gave them (as well as diagnoses based on those self-reported symptoms) substantial weight.  Contrary to plaintiff's argument, normal neurological findings or other results of objective testing are not completely unrelated to whether a claimant suffers from disabling pain; "[a]s a practical matter, in the assessment of credibility, the weight of the objective medical evidence remains an important consideration." Cross v. Comm'r of Social Security, 373 F.Supp. 2d 724, 732 (N.D Ohio 2005), citing 20 C.F.R. §404.1529(c)(3).  Doubts about credibility expressed by consultative examiners are also part of the entire record on this issue.  There was enough evidence cited by the ALJ to support the decision that plaintiff's testimony of disabling pain did not, by itself, compel an award of benefits, and that to the extent Dr. Kistler based his conclusion, in part,

7

on such self-reports, it could be given less than controlling weight.  See, e.g., Howard v. Astrue, 2007 WL 2688496, *8 (E.D. Cal. September 10, 2007) (ALJ did not err in rejecting treating physician's opinion in part because it was based on subjective complaints for which there was no supporting evidence).

VI.

For all of these reasons, and after a *de novo* review of those portions of the Report and Recommendation to which plaintiff objected, the Court **OVERRULES** the objections (#17) and **ADOPTS AND AFFIRMS** the Report and Recommendation (#16).  The plaintiff's statement of specific errors (#11) is **OVERRULED** and this case is **DISMISSED**.  The Clerk is directed to enter judgment in favor of the defendant.

**IT IS SO ORDERED.**


It is so ORDERED.



s/James L. Graham
JAMES L. GRAHAM
United States District Judge


DATE: May 26, 2011